**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAMBRIDGE HEALTHCARE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 7284 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| INFINITY HOME HEALTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff, Cambridge Healthcare, L.L.C. ("Cambridge"), has brought a breach-of-contract and unjust-enrichment action against Defendant, Infinity Home Health Services ("Infinity"), alleging that Infinity has failed to fully compensate Cambridge for two physical therapists whom Cambridge provided to Infinity between May 5, 2009, and November 2009. (R. 30.) Cambridge has filed a motion for judgment on the pleadings. (R. 26; R. 32.) For reasons explained below, the Court denies the motion.

**BACKGROUND**

On November 12, 2010, Cambridge brought an action for breach of contract and unjust enrichment against Infinity. (R. 1.) In its subsequently filed Amended Complaint ("the Complaint"), Cambridge alleges that, "[t]o date, Infinity owes $83,033.50 to CHC due to unpaid invoices, plus interest, costs and attorneys' fees." (R. 30 at 3.) Infinity filed its Answer on February 22, 2011. (R. 21.)

Unless later withdrawn, an admission in an answer is conclusive. *See Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in

the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'") (citations omitted); *see also Sys. Dev. Integration v. Computer Sci. Corp.*, No. 09-CV-4008, 2011 WL 1311903, at *8 (N.D. Ill. Apr. 1, 2011) (observing that "a withdrawn admission in an answer constitutes evidence"). Together, the pleadings establish that there is no dispute as to the following facts:

Cambridge is a company that provides healthcare professionals to hospitals and long-term care facilities. (R. 21 at 1.) In April 2009, the parties entered into an accord ("the Agreement") in which Cambridge agreed to provide physical therapists for thirteen-week assignments.[1] (R. 30-1.) The Agreement provides that "[i]nvoices should be made weekly" and that Infinity "agrees to pay agency within fifteen . . . days of receipt of the invoice with appropriate backup." (*Id.* at 3.) It further provides that, "[i]n the event of any litigation by any party to enforce or defend itself under this Agreement, the prevailing party, in addition to all other relief, shall be entitled to reasonable attorneys' fees." (*Id.* at 4.)

Cambridge provided two physical therapists to Infinity from May 5, 2009, to November 6, 2009, and the therapists performed their job responsibilities without incident or complaint from Infinity. (*Id.* at 3.) In or around July 2009, Infinity stopped paying weekly invoices. (*Id.*) Approximately three months later, Cambridge permitted Infinity to make partial payments to assist Infinity in bringing its account current. (*Id.*) When Infinity submitted a payment on

---

[1] In its answer, Infinity admitted that it entered into the Agreement and further acknowledged the authenticity of the Agreement that Cambridge attached to its pleadings by stating that "the Agreement speaks for itself." (R. 21 at 2.)

2

November 23, 2009, the payment was returned for insufficient funds, at which time Cambridge pulled its therapists from Infinity. (*Id.* at 3-4.)

Cambridge then sent Infinity a letter to the effect that Infinity had an outstanding debt in the amount of $100,378.00 for the placement of two physical therapists. (*Id.* at 4; R. 30-3.) Cambridge expressed willingness to negotiate a 10-week repayment plan with weekly minimum payments of $10,037.80 until the account became current. (R. 30-3.) Infinity made two subsequent payments in January and February of 2010, each in the amount of $12,212.25. (R. 21 at 4.) Cambridge received no more payments. (*Id.*)

Infinity denies that it owes $83,033.50 to CHC due to unpaid invoices, plus interest, costs and attorneys' fees. (*Id.*) It also denies that it has not remitted full payment for these services. (*Id.*)

On May 2, 2011, Cambridge filed a motion for judgment on the pleadings, which it then re-filed on May 9. (R. 32.) Cambridge argues that Infinity's admissions in its answer establish breach of contract and unjust enrichment. (R. 33 at 2-3.) Plaintiff further argues that, because Infinity asserted no affirmative defenses, there is no dispute over any material fact relevant to the case. (*Id.* at 4.) Infinity filed a response on May 26, 2011, arguing that "the amount of damages, if any, to which [Cambridge] is entitled is disputed and, therefore, judgment on the pleadings is not warranted." (R. 35 at 1.) Infinity also claims that Cambridge's failure to attach documentation to the pleadings which show damages makes judgment on the pleadings "wholly inappropriate." (*Id.* at 2.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). The Seventh Circuit has held that the same standard applies to both motions under Rule 12(c) and motions under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milw.*, 570 F.3d 824, 827 (7th Cir. 2009). Although courts would previously grant a Rule 12(c) motion "only if it appears beyond doubt that the plaintiff cannot prove any facts that will support his claim for relief," *id.,* the Supreme Court's 2009 decision in *Aschcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), has modified the standard. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Thus, the question is whether the pleadings "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

Notwithstanding this standard, the Seventh Circuit has explained that a Rule 12(c) motion can more closely resemble a motion for summary judgment than a motion to dismiss for failure to state a claim. *See Alexander v. City of Chi.*, 994 F.2d 333, 335-36 (7th Cir. 1993). This is likely to be the case where a movant uses "rule 12(c) in its customary application to attempt to dispose of the case on the basis of the underlying substantive merits." *Id.* at 336. In such circumstances, "the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Id.* In this respect, the Court may consider the complaint, the answer, and any written instruments attached as an exhibit. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the

pleading for all purposes."). A court can grant a Rule 12(c) motion if there is no genuine dispute as to any material fact, such that the moving party is entitled to judgment as a matter of law. *See Alexander*, 994 F.2d at 336.

## ANALYSIS

### I. The Pleadings Do Not Establish a Breach of Contract

To establish a breach of contract under Illinois law, a plaintiff must prove: (1) that a valid and enforceable contract exists; (2) that it has substantially performed; (3) that the defendant has committed a breach; and (4) damages. *See Reger Dev., L.L.C. v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Cambridge acknowledges that establishing damages is necessary to establishing a breach-of-contract claim. (R. 33 at 2.)

As the party seeking judgment on the pleadings based on the substantive merits of the case, Cambridge has the burden of establishing the lack of any genuine issue of material fact. *N. Ind. Gun,* 163 F.3d at 452. Viewed in the light most favorable to the nonmoving party, however, the pleadings do not establish either the fact or amount of damages. *See TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) ("[U]nder Illinois law, it is necessary to show damages—not the specific amount, but rather that the plaintiff did, in fact, suffer some damages. Merely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract.") (internal citations omitted).

The pleadings do show that Infinity failed to make payments to Cambridge in accordance with their agreement, and that in October 2009, Infinity's account with Cambridge was not "current." (R. 21 at 3.) After Cambridge pulled its therapists from Infinity, however, Infinity

5

made two payments to Cambridge in January and February 2011. (*Id.* at 4.)  Viewed in the light most favorable to Infinity, the pleadings do not establish that Cambridge suffered damages. Indeed, the Answer affirmatively denies that "Infinity has not remitted full payment for these services[.]"  (R. 21 at 6.)

Although it can consider the December 2, 2009, letter from Cambridge to Infinity (R. 30-3) because that letter is attached to the Amended Complaint, *see N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452, the Court cannot find that the statements in the letter regarding the amount of money that Infinity owes to Cambridge are true in the Rule 12(c) posture.  *See, e.g.*, *id.* at 456 (observing in the Rule 12(c) context that "[t]o require district courts to accept unilateral statements in documents . . . as true simply because they were attached as exhibits to a plaintiff's complaint would be contrary to the concept of notice pleading.  It would enable parties to hide behind untested, self-serving assertions.").  For that reason, and in light of the Answer's denials as to damages, the Court cannot grant Cambridge's motion for judgment on the pleadings on the breach-of-contract claim.

## II. The Pleadings Do Not Establish Unjust Enrichment

Cambridge accurately observes that, to succeed in an action for unjust enrichment in Illinois, a plaintiff must establish that "the defendant has retained a benefit, to the detriment of the plaintiff, and that the retention 'violates the fundamental principles of justice, equity, and good conscience.'" (R. 33 at 3, quoting *HPI Health Care Servs. Inc. v. Mt. Vernon Hosp.*, 545 N.E.2d 672, 679 (Ill. 1989).)  For the same reasons discussed above, however, the pleadings, viewed in the light most favorable to Infinity, do not establish that Infinity has retained a benefit to the detriment of Cambridge.  In its Answer, Infinity denies that it "breached [the] Agreement

6

by failing to pay for all services rendered," and that it owes Cambridge any outstanding debt. (R. 21 at 5-6.) Thus, the Court denies Cambridge's motion for judgment on the pleadings as to its unjust-enrichment claim.

## CONCLUSION

For the preceding reasons, the Court denies Plaintiff's motion for judgment on the pleadings (R. 26, R. 32).

Dated: June 9, 2011

                                **ENTERED**

                                _____
                                **AMY J. ST. EVE**
                                **United States District Court Judge**